Lester Holtzman, J.
The plaintiff is a corporation listed on the American Stock Exchange with an authorized board of directors of five members. At a board meeting held on January 4, 1966, attended by two of the three directors then in office, the board purportedly removed the individual defendant as president of the corporation. The said defendant was and is the third director. Although given notice of the board’s action, he has refused to acknowledge its legality and has attempted to continue to act as president of the corporation.
The plaintiff in this action sues for an injunction permanently restraining the individual defendant from performing any acts in connection with the operation of the corporation, for an accounting and related relief, and to enforce a constructive trust. The codefendant herein is the bank wherein the plaintiff corporation’s bank accounts are located. Its position in this lawsuit is in effect that of a stakeholder.
The defendant has interposed a counterclaim and a cross complaint against the plaintiff, the two directors who attended the meeting of January 4,1966, another individual who purportedly was elected a director at that meeting, and the defendant bank.
The plaintiff now moves for a temporary injunction granting it all of the relief it seeks in its cause of action for an injunction. The individual defendant makes a cross motion for similar relief.
As a result of this dispute, the defendant bank had refused to honor checks drawn by the corporation for the payment of wages to the corporation’s employees. At the time of the oral argument, the parties entered into a stipulation providing for the payment of certain checks absolutely necessary for the continued operation of the corporation. The court granted the parties additional time to file briefs and these have now been received.
A temporary injunction is a drastic remedy granted only when a moving party demonstrates that it has a clear legal right to the relief sought and, in addition, that it will suffer irreparable harm if the injunction is not granted. (De Candido v. Young Stars, 10 A D 2d 922.)
*129 In the instant case, the affidavits reveal the commission of foolish and irresponsible acts on the part of both sides to this dispute, the result of which could injure the corporation and ultimately its thousands of stockholders. Accordingly, the problem here is not one of irreparable harm but one of legal rig’hts. The question is whether either side has a clear legal right to control the corporation. The main issue concerns the legality and validity of the action taken at the board meeting held on January 4, 1966. The defendant contends that no quorum was present and therefore no valid action could be taken. The plaintiff contends that a quorum was present and that even if it was not, the defendant is estopped from raising the issue since he deliberately absented himself.
Prior to March 13, 1965, the by-laws provided for a board of directors of nine persons. Pursuant to a resolution passed on that day, the board was reduced to five members. Between then and December 16, 1965, two of the five resigned, leaving three directors in office, Pierre Alsina, chairman of the board, Leo A. Weiss, the individual defendant who was also the president of the corporation, and Joseph Solon. The chairman called a meeting for December 16, 1965. This was attended by Alsina and Solon. Weiss was absent but sent an attorney who advised the two members that pursuant to the resolution of March 13, 1965, no quorum was present since the minimum number required for such a quorum was three directors. The meeting was then adjourned until January 4, 1966.
The first issue raised by the defendant is whether proper notice of the meetings was given to him. The plaintiff offers an affidavit attesting that service of notice of the board meeting of December 16, 1965 was made upon Weiss on December 11, 1965. It is clear that such notice was received by Weiss since he sent a representative to the meeting. This notice was in accordance with article 18 of the by-laws of the corporation which provide that the chairman of the board may call a regular or special meeting on one day’s notice to each director, either personally or by mail or by wire and further that the notice of meeting need not specify the purposes thereof. Whether or not there was a quorum present at the December 16 meeting, the directors who did attend had the authority under article 21 of the by-laws to adjourn the meeting without notice other than an announcement at the meeting. Such action was taken and, in addition, Weiss was given written notice that the meeting was adjourned to January 4, 1966. Weiss contends that some time after the December 16 meeting and prior to the January 4 meeting, he was forced to leave on a crqise for reasons of his health. *130 This would not, however, negate the fact that proper and legal notice was given of the meeting of January 4, 1966.
The second question is whether a quorum was present when the board convened on January 4, 1966. The court’s opinion is that there was not such a quorum at that time. Prior to March 13, 1965, as noted supra, article 13 of the by-laws provided that the board of directors shall consist of nine persons. Article 20 provided as follows: “ At all meetings of the board a majority of the entire number of directors then in office shall constitute a quorum. Notwithstanding the foregoing, if any director or directors shall disqualify himself from voting with respect to any matter, such director or directors shall be deemed not then in office for purpose of determining a quorum except that a quorum shall in no event consist of less than two directors.”
The corporate minutes of the March 13, 1965 meeting state that the following resolution was passed: “ resolved that under the provisions of Article 13 of the by-laws the number of directors should be fixed at five and that in accordance with Article 20 of the by-laws a quorum should consist of three (3) directors.” The plaintiff agrees that that part of the quoted resolution which fixed the number of directors at five is correct. It denies, however, that the part which stated ‘ ‘ in accordance with Article 20 of the by-laws a quorum should consist of three (3) directors ” was actually passed by the board at that meeting and contends that the minutes of that meeting were altered by the defendant or his wife. On a motion such as this for a preliminary injunction where there is a sharp issue of fact as to the correctness of the corporate minutes, the court must presume that the statement in the minutes is correct. (Cf. Business Corporation Law, § 624, subd. [g]; Saranac & Lake Placid R. R. Co. v. Arnold, 167 N. Y. 368.) Moreover, presumably the minutes of the March 13, 1965 meeting were read and adopted at the next meeting of the board of directors.
The resolution of March 13, 1965, however, is ambiguous and is susceptible of being interpreted as a ratification of article 20 of the by-laws, since at the time it was passed there were five directors in office and the majority thereof would be three. The defendant contends that this resolution modified article 20 to the extent that it changed the minimum number for a quorum to three in any event. The plaintiff apparently concedes, at least for this motion, that if this resolution were in fact adopted, that the defendant’s interpretation is correct.
Plaintiff does contend that a resolution or a by-law providing for a minimum quorum of three directors would be against public *131 policy since if two directors were to resign, the corporation could not operate without the unanimous consent of the remaining directors. A provision for a minimum of three could hardly be said to be against public policy, however, since under section 707 of the Business Corporation Law the Legislature has provided that a majority of the entire board shall constitute a quorum for the transaction of business except that the certificate of incorporation or by-laws may fix the quorum at less than the majority of the entire board but not less than one third thereof. Thus, this resolution merely fixed the quorum at the same number provided by the Legislature in section 707, namely, a majority of the entire board. This accords with the general rule which is that where a majority of the board is to constitute a quorum, a majority of the entire number of authorized directors is necessary, notwithstanding the existence of vacancies on the board, “ Thus, it is said that a majority means a majority of the whole number of directors and that a quorum remains the same even though there may be vacancies (19 Am. Jur., Corporations 2d, § 1127; see, also, Cirrincione v. Polizzi, 14 A D 2d 281, 283; 1 Encyclopedia of Corporate Meetings, Minutes and Resolutions, p. 150; 2 Fletcher, Cyclopedia Corporations [Perm, ed.], § 421.)
The plaintiff contends that the case of Matter of Gearing v. Kelly (15 A D 2d 219, affd. 11 N Y 2d 201) changed the general rule. Even if this contention is correct, it should be noted that Gearing was decided when section 27 of the General Corporation Law was still applicable to business corporations. That section merely provided that a quorum would be a majority of the board. It did not provide that a quorum would be a majority of the entire board as does section 707 of the Business Corporation Law. It appears that the Legislature did not intend any significant change in the law by the insertion of the word “ entire ” in section 707. (See Revisers’ Comment, at p. 47 of the Revisers’ Notes and Comments of the Business Corporation Law [N. Y. Legis. Doc., 1961, No. 12].) This section was passed, however, prior to the decision of the Appellate Division in the Gearing case and the comment, that no, change in existing law was contemplated referred to the rule, stated above, viz., that a quorum was a majority of the entire authorized board, notwithstanding the existence of any vacancies thereon. The Appellate Division in Gearing makes no reference to section 707 of the Business Corporation Law but does distinguish between a provision for a vote by a majority of the “ whole ” board and a provision for a vote by a majority of the directors. Since the Business Cor *132 poration Law now provides for a quorum to be a majority of the “ entire board ” Gearing is no longer applicable even if it does stand for the proposition urged by the plaintiff.
Moreover, the rule of the Gearing case appears to be limited to election of directors to fill existing vacancies on the board and not to the conduct of other business. In its decision, the Appellate Division refers to the Model Business Corporation Act (vol. 1, p. 602, § 36, 1960) which has a specific provision that a majority of the remaining directors may fill a vacancy even though less than a quorum exists. The court apparently adopted the rule of that act by decision, at least in a case where there were sufficient facts to find an estoppel. The Court of Appeals based its affirmance on the fact that the proceeding was brought under section 25 of the General Corporation Law to set aside the election of a director and under that section the court sits as a court of equity which may order a new election “ as justice may require ”. It concluded that justice did not require a new election since the lack of a quorum was caused by the deliberate absence from the meeting by the complaining director.
In the instant case, it is clear that in accordance with the governing statute (Business Corporation Law, § 707), the by-laws of the corporation and the resolution of March 13, 1965 as interpreted by the parties at the meeting of January 4, 1966, the minimum number of directors required for a quorum was a majority of the entire board, or three. Thus, the first item of business taken up at that meeting was ineffective, no quorum being present.
The next item of business taken up at that meeting, however, raises a different question. The board nominated and elected one Thomas F. Donofrio to fill one of the two vacancies then existing in the board of directors. The validity of this election would seem to be covered by the rule of the Gearing case (supra). Moreover, subdivision (a) of section 705 of the Business Corporation Law contains a provision similar to that of the Model Business Corporation Act referred to in the Gearing ease. This subdivision provides: “Newly created directorships resulting from an increase in the number of directors and vacancies occurring in the board for any reason except the removal of directors without cause may be filled by vote of a majority of the directors then in office, although less than a quorum exists, unless the certificate of incorporation or the by-laws provide that such newly created directorships or vacancies shall be filled by vote of the shareholders.” Neither the certificate of incor *133 poration nor the by-laws provide that vacancies in the board must be filled by the vote of the shareholders. On the contrary, article 14 of the by-laws provides in part: “ Vacancies among directors, occurring for any reason except removal of a director by the stockholders without cause, may be filled by the remaining directors, for the unexpired term in respect to which such vacancy occurred or until the next election of directors; or any vacancy may be filled by the stockholders at any meeting thereof. ’ ’
Thus, it is no longer necessary for the court to find an estoppel as it did in Gearing v. Kelly (supra). The statutory law of this State and, in this particular case, the by-laws of the corporation, allow vacancies occurring in the board by reason of resignations to be filled by a majority of the directors then in office, notwithstanding the absence of a quorum. Subdivision (a) of section 705 of the Business Corporation Law has been interpreted in the case of Matter of Caplan, v. Lionel Corp. (20 A D 2d 301, affd. 14 N Y 2d 679). At page 304 of the Appellate Division decision, it is stated: “ By statute (Business Corporation Law, § 705, subd. [a]), it is provided that vacancies in the board of directors may be filled by vote of a majority of the directors remaining in office, even though less than a quorum remains, unless the by-laws of the corporation provide that the vacancies shall be filled by the stockholders. Special Term decided that the by-laws so provide. We do not agree. Admittedly, there is no specific by-law on the subject. The by-laws do provide that six directors shall constitute a quorum and, by definition, a quorum is necessary to do any business. However, the statute provides that for this purpose a quorum is not necessary. The by-laws referred to do not negative this proposition, nor do they provide that vacancies shall be filled by the election of the stockholders. It follows that the method provided by law for the filling of the vacancies would be by election by the remaining directors.”
The defendant herein contends that this section only applies to a situation where less than a quorum of directors is left in office. The court does not agree. The section provides that the vacancy may be filled by a vote of the majority of the directors then in office. The phrase “ although less than a quorum exists ” does not limit the provision, but merely elaborates thereon. The purpose of the provision is to prevent vacancies in the board from paralyzing the corporation. The presence or absence of a quorum is immaterial so long as a majority of the remaining directors vote to fill the vacancies.
*134 ■ The court accordingly finds that the action of the majority of the remaining directors in electing Donofrio to fill a vacancy caused by the resignation of a board member was valid and legal. After Donofrio was elected, there were four directors in office. Three of them were present at the meeting and these three constituted a quorum. The minutes of the meeting relate that Donofrio participated in the rest of the proceedings.
A quorum being present, the board had the power to remove defendant Weiss as president of the corporation with or without cause. (Business Corporation Law, § 716; see, also, art. 28 of corporate by-laws.) The board voted unanimously to do this, and since the passage of that resolution he has not been the president. It is not disputed that he has refused to vacate the physical office and to refrain from acting as president. Under the circumstances, the plaintiff has a clear legal right to the injunction sought herein.
The plaintiff’s motion, accordingly, is granted in all respects and the cross motion is denied.