Gibson, J.
Petitioner sues under section 619 of the Business Corporation Law to invalidate an election to fill a vacancy on the board of directors of a corporation. At issue is the construction of a corporate by-law providing that vacancies may be filled by the directors in office, read against charter and by-law provisions that a quorum shall consist of 75% of the directors and that the votes of 75% of the directors shall be necessary for the transaction of any business. Special Term found “ in order” the election meeting sought to be annulled and denied the application in all respects; the Appellate Division, First Department, affirmed; and appeal is taken by our leave. The order of the Appellate Division must be affirmed.
Following the resignations of two of the five authorized directors, the board functioned for some years with but three directors — the petitioner, and the respondents Moskowitz and Barrakette, with whom petitioner is at odds—until the directors’ meeting of which petitioner complains. At that meeting respondent Brody was purportedly elected by the votes of respondents Moskowitz and Barrakette. Petitioner contends that 75% of the votes of the three directors in office — or in practical effect, unanimity—was required and that, therefore, Mr. Brody failed of election.
The issue presented is one of construction and the relatively few authorities in this area are not precisely in point; but the conclusion at which we have arrived is consistent with them.[1]
The only specific corporate provision for filling vacancies on the board of directors is that contained in by-law 14, which *70 provides: “ 14. If the office of any director or directors becomes vacant for any reason, the directors in office may choose a successor or successors who shall hold office for the unexpired term in respect to which such vacancy occurred or until the next election of directors, or any vacancy may be filled by the stockholders at any meeting thereof. Any director may be removed either with or without cause, at any time, by vote of the stockholders[2] at any meeting called for the purpose.” The by-law deals with a single subject and the plenary authority conferred upon “the directors in office” is in clear and unambiguous langage. The grant is authorized in all respects by statute, as follows: “Newly created directorships resulting from an increase in the number of directors and vacancies occurring in the board for any reason except the removal of directors without cause may be filled by vote of a majority of the directors then in office, although less than a quorum exists, unless the certificate of incorporation or the by-laws provide that such newly created directorships or vacancies shall be filled by vote of the shareholders.” (Business Corporation Law, § 705, subd. [a].)
Appellant would, nevertheless, limit this specific grant of power, conferred by by-law and statute in respect of a single, exclusive and vital corporate function, by applying certain provisions of more general application appearing in the certificate of incorporation and the by-laws. The provision in the certificate of incorporation is this: “ Twelfth: (a) The number of directors who shall be present at any meeting of the directors in order to constitute a quorum for the transaction of any business shall be seventy-five (75%) percent of the directors, and the number of votes of directors that shall be necessary for the transaction of any business at any meeting of the directors shall be the votes of seventy-five (75%) percent of the directors.” Similarly, the by-laws provide: “20. The number of directors who shall be present at any meeting of the directors in order to constitute a quorum for the transaction of any business shall be 75% of the directors. 21. The number of votes of directors that shall be necessary for the transaction of any business at any meeting of the directors shall be the votes of 75% of the direc *71 tors.” Authority for the promulgation of by-laws 20 and 21 is to be found in the statute, which in pertinent part provides: “ (a) The certificate of incorporation may contain provisions specifying either or both of the following: (1) That the proportion of directors that shall constitute a quorum for the transaction of business or of any specified item of business shall be greater than the proportion prescribed by this chapter[3] in the absence of such provision. (2) That the proportion of votes of directors that shall be necessary for the transaction of business or of any specified item of business shall be greater than the proportion prescribed by this chapter[4] in the absence of such provision.” (Business Corporation Law, § 709, subd. [a], pars. [1], [2].)
It seems too clear to require discussion that by-laws 20 and 21 are completely interrelated and interdependent and that if one is applicable to the meeting in issue, the other is. Hence we find insubstantial appellant’s position, reflected in paragraph "16” of his petition, that, although No. 20, relating to a quorum, is inapplicable — in consequence of which the three directors in office constituted a quorum—No. 21 is nevertheless applicable, with the result that the unanimous vote of the three was required to elect a fourth. We find both by-laws inapplicable.
Obviously, the drafters of by-law 14 took into account the possibility of two vacancies existing at the same time, as witness the phrase '‘director or directors ’ ’ and the term ‘‘successor or successors ’ ’; but if by-laws 20 and 21 were thereupon to become applicable, no quorum could ever be formed from the board of three, as, of course, 75% of the authorized membership of five would be four. Certainly, no such futility was intended. Bather, it seems to us, the vitality of the corporation was to be *72 preserved and the paralysis of its functions and its mandatory dissolution were to be avoided by the specific, exclusive and practical procedure enacted as by-law 14, complementing, as it does, section 705 (subd. [a]) of the Business Corporation Law. By-laws 20 and 21 apply to the company’s “ business ”, in general; by-law 14 to its special and vital function of succession.
The additional relief sought by petitioner—directions that he may have the aid of counsel and a stenographer at meetings of the board of directors—are matters of internal corporate management upon which Special Term and the Appellate Division properly declined to rule.
The order appealed from should be affirmed, with costs.

. See, e.g., Matter of Caplan v. Lionel Corp. (20 A D 2d 301, affd. 14 N Y 2d 679); Matter of Gearing v. Kelly (15 A D 2d 219, affd. 11 N Y 2d 201); Avien, Inc. v. Weiss (50 Misc 2d 127).

. We are told that each faction owns more than 25% of the stock and that by virtue thereof either can interdict the 75% quorum required at a stockholders meeting pursuant to the certificate of incorporation.

. “ Unless a greater proportion is required by the certificate of incorporation, a majority of the entire board shall constitute a quorum for the transaction of business or of any specified item of business, except that the certificate of incorporation or the by-laws may fix the quorum at less than a majority of the entire board but not less than one-third thereof.” (Business Corporation Law, § 707.)

. “ Except as otherwise provided in this chapter, the vote of a majority of the directors present at the time of the vote, if a quorum is present at such time, shall be the act of the board.” (Business Corporation Law, § 708.)